## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GARRISH,  et al                                            *

    Plaintiffs                                          *    Case No.:  1:96-cv-00225

v.                                                               *

AC&S, INC., et al                                        *

    Defendants                                       *

      *     *     *     *     *     *     *     *     *     *     *

## MOTION TO WITHDRAW APPEARANCE ON BEHALF OF DEFENDANT
## ACandS, INC.

    B. Ford Davis, Gardner M. Duvall, Whiteford, Taylor & Preston L.L.P., any other attorney of Whiteford, Taylor & Preston L.L.P., and Louis G. Close, Jr., hereby move pursuant to Local Rule 101 to withdraw and strike their appearance entered on behalf of Defendant ACandS, Inc., stating:

    1.    ACandS, Inc., (ACandS) is a debtor in possession in a bankruptcy case under chapter 11 of the Bankruptcy Code, *In re ACandS, Inc.*, No. 02-12687 (RJN) (Bankr. D. Del.).

    2.    Prior to filing its chapter 11 petition, ACandS discharged Whiteford, Taylor & Preston, L.L.P. (Whiteford, Taylor & Preston), and its attorneys, from the defense of bodily injury asbestos cases, including this case.  Prior to that discharge, Louis G. Close, Jr., had retired from Whiteford, Taylor & Preston.

    3.    On February 8, 2006, Whiteford, Taylor & Preston, sent by Federal Express a letter to ACandS explaining its intent to file this motion, and reciting that Local Rule 101 requires withdrawing counsel to inform the client that the client:

must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it.  In the event that within thirty days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it.

4.    Notice to ACandS in this case may be provided to:

James E. Hipolit, Esquire
ACandS, Inc.
120 N. Lime Street
Lancaster, PA  17608

5.    Whiteford, Taylor & Preston is not aware of other counsel whom ACandS would substitute for Whiteford, Taylor & Preston.

## CONCLUSION

For the foregoing reasons, this Court should strike the appearance of B. Ford Davis, Gardner M. Duvall, Whiteford, Taylor & Preston L.L.P., any other attorney of Whiteford, Taylor & Preston L.L.P., and Louis G. Close, Jr., with an appearance in this case on behalf of ACandS, Inc.

> _____/s/_____
> Gardner M. Duvall, Bar No. 09823
> Whiteford, Taylor & Preston LLP
> Seven Saint Paul Street, Suite 1400
> Baltimore, Maryland 21202
> (410) 347-8700

CERTIFICATE OF SERVICE

I hereby certify this 17th day of October, 2006, that the foregoing motion and

attached order were served by first-class mail, postage-prepaid, on:

> James E. Hipolit, Esquire
> ACandS, Inc.
> 120 N. Lime Street
> Lancaster, PA  17608

and to all counsel of record via e-filing.

_____/s/_____
Gardner M. Duvall, Bar No. 09823